ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT G. TAYLOR, | ) | CASE NO. 5:06CV2228 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RENT-A-CENTER, et al., | ) | AND ORDER |
| | ) | [RESOLVING DOC. 6] |
| Defendants. | ) | |

This action is before the Court upon defendants' Motion to Dismiss or, in the Alternative, to Compel Arbitration and to Stay Proceedings (Doc. 6). The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 7), and reply memorandum (Doc. 8). For the reasons set forth below, the Court will grant the alternative motion to compel and to stay.

This action is also before the Court upon plaintiff's Request that defendants' Notice of Supplemental Authority be Stricken (Doc. 30). The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 31). The Court denies plaintiff's request for the reasons set forth by the defendants in Doc. 31. Therefore, in deciding that it will grant the defendants' alternative request to compel and to stay, the Court has also considered the defendants' Notice of Supplemental Authority (Doc. 27), plaintiff's response (Doc. 30), and defendants' reply (Doc. 31).

Plaintiff Vincent G. Taylor is a former employee of defendant Rent-A-Center, Inc. ("RAC"), a business that rents furniture and appliances to customers on a "rent-to-own" basis. On September 15, 2006, Mr. Taylor filed a seven-count complaint for employment discrimination against defendants RAC, Frank Guiser, and Bill Moffett. The First Cause of

Action is a claim for Title VII race discrimination.  The Second Cause of Action is for race discrimination in violation of Ohio Rev. Code Chap. 4112.  The Third Cause of Action is for hostile work environment based upon race in violation of Title VII.  The Fourth Cause of Action is for racial harassment based on a hostile work environment in violation of Ohio Rev. Code Chap. 4112.  The Fifth Cause of Action is for retaliation in violation of Title VII.  The Sixth Cause of Action is for retaliation in violation of Ohio Rev. Code Chap. 4112.  The Seventh[1] Cause of Action is for wrongful termination in violation of public policy, presumably under Ohio law.  The First, Third, and Fifth Causes of Action are against RAC only, whereas the remaining claims are against all defendants.  All of the claims arise out of actions allegedly taken while the plaintiff was employed by RAC.

The Court examines arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878 (6th Cir. 2002).  Moreover, the Court of Appeals for the Sixth Circuit has previously noted the large number of cases from the Supreme Court encouraging arbitration in a wide variety of contexts and emphasizing the federal policy in favor of arbitration.  *Wilson Elec. Contractors, Inc. v. Minnotte Contracting Corp.*, 878 F.2d 167, 169 (6th Cir. 1989).  The Supreme Court has "interpreted the Federal Arbitration Act as establishing that, 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

Ohio and Federal policy strongly favor arbitration as a method to resolve disputes.

---

[1]The Complaint actually contains two Sixth Causes of Action.

2

*See* 9 U.S.C. §§ 1-16; Ohio Rev. Code §§ 2711.01, *et seq.*  *See also ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498 (1998).  The Federal Arbitration Act provides that, if a suit is filed in the district court upon any issue that is subject to a written arbitration agreement, the court shall stay the trial of such action until arbitration has been had in accordance with that agreement. *See* 9 U.S.C. § 3.  Further, "a presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision."  *Dept. of Admin. Services v. Moody/Nolan Ltd., Inc.*, No. 00AP-336, 2000 WL 1808330 (Ohio App. 10 Dist. Dec. 12, 2000).  When parties have agreed to arbitrate a dispute, arbitration is the preferred method of resolution.

Defendants seek an order compelling arbitration and staying court proceedings pending arbitration, citing a Mutual Agreement to Arbitrate Claims ("Agreement"), authored by RAC. Plaintiff, on two occasions when he was employed by RAC, signed copies of this agreement to arbitrate any employment related claims.

The Agreement provides in pertinent part as follows:

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my . . . assignment/employment, or the termination of my assignment/employment that . . . I may have against . . . the Company . . . [and/or] . . . its . . . employees, or agents in their capacity as such . . . .

\* \* \*

The Arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable.

*Id.*  Citing the identical "exclusive authority" provision from the Agreement, the court held in *Jackson v. Rent-A-Center West, Inc.*, No. 3:07-CV-0050-LRH (RAM) (D. Nev. June 7, 2007),

3

appeal docketed, No. 07-16164 (9th Cir. June 25, 2007), that:

> As such, the question of arbitrability is a question for the arbitrator. Accordingly, as it appears a valid arbitration agreement exists which would compel arbitration on the underlying issue disputed by the parties, the court orders all claims concerning the validity of the underlying arbitration clause be submitted to arbitration as agreed to by the parties.

*Id.* at 3.

In *Swearingen v. Rent-A-Center*, No. 07-651-HO, 2007 U.S. Dist. LEXIS 48073 (D.Ore. June 28, 2007), a former employee sued RAC and attacked the enforceability of the arbitration agreement. Specifically relying on the "exclusive authority" language from the Agreement, the court concluded that "[t]he dispute over whether plaintiff's claims are subject to arbitration relates to the interpretation and applicability of the agreement, which the parties clearly and unmistakably agreed that the arbitrator shall have exclusive authority to decide." *Id.* at *2-3.[2]

Plaintiff argues that certain provisions in the Agreement, particularly the cost-splitting and discovery provisions, are unconscionable and that, therefore, defendants' motion should be denied. However, in the Agreement, "[t]he parties unambiguously expressed their intent to submit the question of unconscionability to an arbitrator by giving him or her the exclusive power to decide the Agreement's formation, enforceability, applicability and whether all or any part of it is void or voidable." *Anderson v. Pitney Bowes, Inc.*, No. C 04-4808 SBA, 2005 WL 1048700, at *3 (N.D.Cal. May 4, 2005). Accordingly,

---

[2] No appeal was taken from this decision.

4

Defendants' Motion to Compel Arbitration and to Stay Proceedings (Doc. 6) is GRANTED.

IT IS SO ORDERED.

| | |
|---|---|
| _August 8, 2007_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |